959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald K. GROVES, Plaintiff-Appellant,
v.
STATE of Ohio; Larry Peck; Brad Copeland; Scott Doty,
Defendants-Appellees.
 No. 91-3791.
 United States Court of Appeals, Sixth Circuit.
 pril 9, 1992.
 
 Before KENNEDY and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Gerald Groves appeals the granting of summary judgment to the individual defendants on the issue of qualified immunity in this 42 U.S.C. § 1983 action. For the reasons set forth below, we AFFIRM the decision of the District Court.
 
 
 2
 Gerald Groves and his wife ran the Malabar Inn, located in an Ohio state park. The Inn was operated under a form of gross receipts contract with the Ohio Department of Natural Resources. Some time in 1990, the Department received a tip from an informant that the Groveses were not reporting the full amount of receipts under the contract. The informant initially spoke with Ranger Brad Copeland, and offered documentation to support the accusation. Ranger Copeland relayed this information to his supervisor, Ranger Scott Doty. On August 9, 1990, Ranger Copeland was outside the Malabar Inn sometime outside of ordinary business hours. The informant asked Copeland to come inside, directed him upstairs, and produced the receipts which allegedly substantiated the accusations. Copeland was given copies of the receipts, which he took back to his supervisor, Ranger Doty. Based upon the information provided by the informant, and allegedly corroborated by the copies of receipts, the Rangers obtained and executed a search warrant for both the Malabar Inn and the Groveses' nearby residence.
 
 
 3
 The Groveses have since filed suit under 42 U.S.C. § 1983 against all actors involved, and the state and its departments, alleging various federal and pendent state claims based upon this set of events. On June 5, 1991, the District Court granted summary judgment on all claims except those against the two Rangers in their personal capacity. The court ordered supplemental briefing on the issue of defendants' qualified immunity affirmative defense, and subsequently granted summary judgment to defendants on the remaining claims. Plaintiff has appealed only the award of summary judgment as to the defense of qualified immunity.[1]
 
 
 4
 We review a grant of summary judgment de novo. Summary judgment is appropriate when the non-moving party has "failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Although we draw all inferences in his favor, the non-moving party must still not simply rest on his pleadings, but must come forth with specific facts showing there is a genuine issue for trial.
 
 
 5
 Here, defendants have raised the defense of qualified immunity. Under Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), governmental officials "performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." The contours of the right must be sufficiently clear that a reasonable official would know that what he was doing violates that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987).
 
 
 6
 Plaintiff alleges, essentially, that the search warrant under which the records were seized was based in part upon evidence obtained from an earlier unconstitutional search by Copeland. The illegality of the initial entry by Copeland thus represents the crux of his claim. Defendants respond that Copeland's August 9, 1990 entry into the Malabar Inn, viewing of the business records and retention of the copies of the records was consensual, and therefore legal.
 
 
 7
 In support of this position, Copeland has testified that the confidential informant invited him onto the premises, led him to the location of the records, produced the records corroborating the allegations, and provided Copeland with copies of the pertinent records. The legality of this search, and whether a reasonable officer would have known of its illegality, turns on whether it was reasonable for an officer to infer that the search was consensual. Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973) (search authorized by consent is wholly valid); see also United States v. Matlock, 415 U.S. 164, 170-71 (1974) ("the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared").
 
 
 8
 The District Court's analysis turned on a balancing of the interests of plaintiffs with the systemic interests in maintaining the confidentiality of informants. The court found that confidentiality concerns trumped the interests at stake in the Groveses' complaint, and therefore awarded summary judgment to defendants on the basis of qualified immunity. We do not reach the balancing of policy interests undertaken by the District Court, however, for the simple reason that the Groveses have not introduced any evidence that would impel us to reach that issue.
 
 
 9
 As the District Court noted, the informant invited Ranger Copeland onto the premises, immediately led him to where the records were kept, and exhibited some degree of familiarity with and control over the records (for example by having copies made). These facts support, but do not mandate, the conclusion that Copeland's search was reasonably deemed to be consensual.
 
 
 10
 Plaintiff has come forward with no evidence refuting that inference. Once the defendants introduced evidence supporting the reasonableness of accepting the apparent validity of the authority to consent to the search, plaintiff was under the burden of having to introduce evidence to the contrary. If plaintiff were unable to do so without knowing the identity of the confidential informant, we would be faced with the issue addressed by the District Court. Here, however, plaintiff had ample opportunity and latitude to gather and introduce evidence showing the unreasonableness of relying on the apparent authority of the consent.
 
 
 11
 Plaintiff has offered no proof as to any limitations on access to the facilities, or to the records. Plaintiff even failed to depose the Ranger involved to develop and refute the basis for his inference of valid authority. Plaintiff could have requested an in camera review of the Ranger's grounds for concluding the authority was valid. He has produced no evidence of having exercised either of these options to meet his burden of establishing the unreasonableness of the officer's concluding that the search was consensual. In the face of the Ranger's testimony that he was invited onto the premises by someone apparently exercising authority and control, plaintiff's absence of evidence proves fatal. No court could conclude, on this record, that a reasonable official would have known the search to have been violative of plaintiff's rights.
 
 
 12
 For the foregoing reasons, we AFFIRM the decision and judgment of the District Court.
 
 
 
 [1]
 Plaintiff now concedes that no pendent state claims are left, and we therefore have no occasion to reach the issue of whether plaintiff did or must waive them in a § 1983 action in order to comply with the Ohio procedural requirements of the state sovereign immunity waiver provisions